JAMES DEVLIN, PLAINTIFF, *v.* JOHN SHANNON AND OTHERS, DEFENDANTS.

THE SAME *v.* THE SAME.

*Inquests — Rule 36 — Chancery practice.*

Rule 36, authorizing inquests to be taken in cases in which no sufficient affidavit of merits has been made and served, does not apply to actions in equity.

In an action to foreclose a mortgage, an inquest taken by the plaintiff upon defendants' failure to file an affidavit of merits, is irregular, and a judgment entered thereon will be set aside.

APPEALS from orders denying motions to open defaults in the above entitled actions.

*William A. Comsen,* for the appellant.

*Jacob A. Gross,* for the respondent.

DAVIS, P. J.:

These were actions in equity brought to foreclose mortgages of leasehold premises owned by the appellant Shannon. The appellant interposed answers alleging the defense of usury. No affidavit of merits having been filed under rule 36, the plaintiff moved the cases out of their order at the March Special Term, and took judgment by default. The defendants moved to open the defaults for irregularity, which motion was denied. These appeals are brought from the order of denial.

The defaults were irregularly taken.

Affidavits of merits to prevent inquests under rule 36 are not applicable to actions in equity, triable by the court. That rule does not extend inquests, in default of such affidavits, to actions in equity, but simply provides that "inquests may be taken in actions out of their order on the calendar, in cases in which they were *heretofore allowed,* * * * provided a sufficient affidavit of merits shall not have been filed and served." "Inquests" were, and still are, in use only in actions at law. They were never applied to suits in equity; but, under the ninety-first rule of the Court of Chancery, mortgage cases of the fourth class were

entitled to a preference over any other cases of that class, unless the defendant, before the case was heard, filed with the register or clerk an affidavit that he had a good and meritorious defense, and that his answer was not put in for the purpose of delay; the filing of which affidavit must have been noted on the calendar. The fourth class of actions were those to be heard upon pleadings, or pleadings and proofs. There is really no analogy between the proceeding provided for by the ninety-first rule of chancery, and inquests regulated by the thirty-sixth rule in courts at law; and it seems very manifest that the thirty-sixth rule has not preserved the old chancery practice. If however it had, that proceeding was not taken in these cases, and the court, and counsel for the plaintiff, appear to have acted solely under the thirty-sixth rule of the court. (See Barb. Ch. Pr., vol. 2, p. 182, note 24; 3 Wait's Pr., 44, 45; Van Sant. Pr., 332.)

The plaintiff did not move upon affidavits, or to advance the causes for trial, on the ground that the defenses were interposed for delay merely, or upon any other equitable ground. The action of the court in allowing the inquests was irregular, and the defaults should have been opened. We do not feel at liberty to try the merits of the cases upon affidavits interposed to oppose the motion. To do so is merely to hear one side upon that question; but we are strongly impressed with the idea that no substantial defenses exist. The appeals are properly taken, because the inquests were irregular; and it was a matter of right to the defendant that the defaults should be opened.

We think, however, in these cases, as sales have taken place, and purchasers have entered into possession and made repairs and improvements, the better course is to open the defaults so far as to allow the trial of the issues at Special Term, the present judgments to stand, and the question whether they should be vacated to depend upon the result of such trial.

The orders below should be reversed, and an order entered to this effect, with ten dollars costs of one appeal and disbursements.

DANIELS, J., concurred; BRADY, J., concurred in the result.

Orders reversed and order entered according to opinion, with ten dollars costs.